UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORNELIA NOEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-cv-01087 |
| | § | |
| SHELL OIL COMPANY, SHELL | § | |
| INTERNATIONAL E&P INC., and | § | |
| DEBO OLADUNJOYE, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS SHELL OIL COMPANY'S
AND SHELL INTERNATIONAL EXPLORATION AND PRODUCTION INC.'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO ORDER FOR SANCTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Shell Oil Company and Shell International Exploration and Production Inc. (collectively, "Defendants") file this Response to Plaintiff's Objections to Order for Sanctions (the "Motion") and would respectfully show the Court as follows:

### I.   SUMMARY

Two things are conspicuously absent from Plaintiff's Motion.

First, the Motion fails to cite to any case law regarding the standard for appealing an order issued by a magistrate judge. Second, the Motion lacks any citations to support the selective and skewed facts Plaintiff presents. These omissions are easy to understand—Plaintiff cannot meet the applicable standard and the facts do not support Plaintiff's argument.

The facts show that Plaintiff's counsel offered multiple excuses at various different points during the week of December 5, 2016, in an attempt to postpone Plaintiff's deposition that had been properly noticed for December 8, 2016. However, Plaintiff's counsel did not raise the

timing of Defendants' supplemental document production as an excuse until *after* Magistrate Johnson ordered that Plaintiff appear for her December 8th deposition as noticed, *see* Doc. No. 62, despite having had the opportunity to raise that issue during hearings with Magistrate Johnson on December 5th and 7th, *see* Doc. Nos. 59, 61, and communications with Defendants' counsel on December 6th and 7th. Rather, this was the *third* excuse Plaintiff's counsel offered, after first telling Defendants' counsel that he and his client had a conflict with the date and then telling the Court that he had not prepared his client for deposition. *See* Doc. No. 62. Plaintiff's search for an excuse to justify her failure to appear for her deposition as noticed—and as ordered by the Court—does not establish that Magistrate Johnson abused the broad discretion granted to her in ordering sanctions against Plaintiff and her counsel. Thus, the objections in Plaintiff's Motion should be overruled.

## II. APPLICABLE LEGAL STANDARD

In the resolution of non-dispositive discovery disputes, a magistrate judge is afforded broad discretion. *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). If a party objects to an order by a magistrate judge on a non-dispositive discovery issue, the district court shall consider the objections and shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir.1995) (stating that the scope of review of a magistrate judge's findings in a non-dispositive pretrial motion is "the clearly erroneous standard"). However, this "clearly erroneous" standard creates a high bar for overturning a factual finding by a magistrate judge. To be rejected by the district court, the magistrate judge's finding must be "more than just maybe or probably wrong"—it must strike the reviewing court "as wrong with the force of a five-week-old, unrefrigerated dead fish." *Kleppinger v. Tex. Dep't of Transp.*, No. L-10-124, 2013 WL

12137773, at *1 (S.D. Tex. Jan. 24, 2013).

## III. ARGUMENT

In the order at issue, Magistrate Johnson found that the "actions of Plaintiff and her counsel demonstrate[d] a clear disregard of opposing counsel's time and the court's order." *See* Doc. No. 67. The Magistrate also referenced her finding from the December 7th discovery hearing in which she found that "Plaintiff wrongfully attempted to cancel her deposition." *See id.*; *see also* Doc. No. 62. These are the key factual findings upon which the Magistrate based her sanctions order. Both findings are in line with the facts and well within the Magistrate's discretion to determine. At any rate, neither finding nor the sanctions order as a whole is so erroneous that it could strike the District Court "as wrong with the force of a five-week-old, unrefrigerated dead fish." *See Kleppinger*, 2013 WL 12137773, at *1. Thus, Plaintiff has failed to establish that the Magistrate's order is clearly erroneous, and Plaintiff's objections to that order should be overruled.

When Magistrate Johnson ordered the sanctions at issue, the Magistrate was no stranger to Plaintiff's delay tactics and apparent disinterest in prosecuting her own case as the order was issued after the *ninth* discovery-related hearing in seven months. *See* Doc. Nos. 33, 35, 38, 40, 42–43, 51–56, 59–62, 65, 67. Delays by Plaintiff followed by nearly endless excuses offered by her counsel have been commonplace occurrences during the almost two years this case has been pending, as has Plaintiff's repeated failure to abide by the Court's orders on discovery issues. *See* Doc. Nos. 33, 35, 38, 40, 42–43, 51–56, 59–62, 65, 67.

The following factual timeline is relevant to Plaintiff's Motion:

- September 2, 2016 – Plaintiff serves her first written discovery on

Defendants, nearly eighteen months after filing suit.[1]

- October 24, 2016 – Defendants serve their written responses to Plaintiff's discovery requests, noting that document production would be made upon entry of a mutually agreeable protective order.[2] Defendants' counsel had previously provided a proposed agreed protective order to Plaintiff's counsel and had to follow up with Plaintiff's counsel multiple times to confer on filing that proposed order.[3]

- November 1, 2016 – Counsel agree on December 8th as the date for Plaintiff's deposition.[4] Defendants' counsel did not issue a deposition notice until November 23rd, as they were waiting on Plaintiff's counsel to provide his new office address.[5]

- November 23, 2016 – The Court enters the Agreed Confidentiality and Protective Order. *See* Doc. No. 57. On that same date, Defendants make an initial document production of 1,101 pages.[6]

- November 30, 3016 – Counsel confer on the status of Plaintiff's outstanding document production and set a hearing with Magistrate Johnson for December 5th to address any remaining issues prior to Plaintiff's December 8th deposition.[7]

---

[1] Plaintiff's discovery requests would have been untimely had her prior—and continuing—delays in responding to Defendants' discovery not necessitated multiple extensions of the discovery deadline. *See* Doc. No. 43 (extending discovery deadline to August 31, 2016, after discovery hearing); Doc. No. 50 (extending discovery deadline to October 14, 2016, due to outstanding issues with Plaintiff's document production); Doc. No. 56 (extending discovery deadline to December 30, 2016, after discovery hearing).

[2] *See* Exhibit A, a true and correct copy of e-mail correspondence between counsel for the parties.

[3] *See, e.g.*, Exhibit B, a true and correct copy of e-mail correspondence between counsel for the parties.

[4] *See* Exhibit B. However, given Plaintiff's testimony at her deposition, it is unclear if her counsel *ever* informed her that her deposition had been noticed for December 8th. *See* Exhibit C, true and correct excerpts from the transcript of Plaintiff's December 8, 2016 deposition.

[5] *See* Exhibit D, a true and correct copy of e-mail correspondence between counsel for the parties, and Exhibit E, a true and correct copy of the Second Amended Notice of Intention to Take Oral Deposition of Cornelia Noel. Plaintiff's counsel did not provide Defendants' counsel with his new address until November 30, 2016. *See* Exhibit F, a true and correct copy of e-mail correspondence between counsel for the parties. After finally obtaining this information, Defendants issued a Third Amended deposition notice for Plaintiff with her counsel's correct address, a true and correct copy of which is attached hereto as Exhibit G.

[6] *See* Exhibit H, a true and correct copy of e-mail correspondence between counsel for the parties. At this time, Defendants' counsel informed Plaintiff's counsel that additional document production would be forthcoming early the next week. However, the Thanksgiving holiday and issues with the document management software used by Defendants' counsel delayed that supplemental production until December 4th. However, during that time, Plaintiff's counsel never once inquired on the status of Defendants' supplemental production.

[7] *See* Exhibit I, a true and correct copy of e-mail correspondence between counsel for the parties.

- December 4, 2016 – Defendants produce additional documents.[8]

- Monday, December 5, 2016 – Magistrate Johnson presides over the seventh discovery hearing. *See* Doc. No. 60. During that hearing, Magistrate Johnson ordered Plaintiff (yet again)[9] to produce medical records and sanctioned Plaintiff and her counsel $500.00 for the "inexcusable" delay in producing those records. *See id.* To date, Plaintiff has neither produced the records nor paid the sanctions as ordered. Moreover, during this hearing, Plaintiff's counsel did not raise any issues with going forward with Plaintiff's deposition later that week.

- Tuesday, December 6, 2016 – Plaintiff's counsel called Defendants' counsel after 5:00 p.m. seeking to adjust the deposition schedule. Defendants' counsel explained that moving Plaintiff's December 8th deposition and the depositions of four of Defendants' witnesses scheduled for the week of December 12th was not workable. Plaintiff's counsel did not mention Defendants' supplemental document production during this call and agreed to leave the deposition schedule as it was.

- Wednesday, December 7, 2016

    o Approximately 11:00 a.m. – Plaintiff's counsel informs Defendants' counsel that Plaintiff will not be appearing for her deposition tomorrow.

    o 11:40 a.m. – Defendants request a conference with Magistrate Johnson regarding Plaintiff's decision to unilaterally cancel her deposition. *See* Doc. No. 61.

    o 2:00 p.m. – Magistrate Johnson presides over the eighth discovery hearing in this matter and advises Plaintiff's counsel that he had no business telling his client she could choose not to appear for her deposition the next day and noting that his conduct was sanctionable.[10] When asked if Plaintiff had a plane ticket to Houston for her deposition for the next day, Plaintiff's counsel first said she did and then represented that he wasn't sure. Just prior to

---

[8] *See* Exhibit J, a true and correct copy of e-mail correspondence between counsel for the parties. While the document production consisted of approximately 3,200 pages, those pages comprised only 329 documents. As the Magistrate noted during the December 9th hearing, Plaintiff's counsel had plenty of time between December 4th, the date of production, and December 8th, the date of Plaintiff's deposition, to review those documents.

[9] Magistrate Johnson had previously ordered Plaintiff to produce these very same records on at least two other occasions. *See* Doc. Nos. 54, 56. Nonetheless, Plaintiff continued to fail to abide by the Court's orders, necessitating further discovery hearings.

[10] During this hearing, Magistrate Johnson also noted that Plaintiff has moved for *twelve* extensions of time on various matters, which the Court found indicative of an attitude on Plaintiff's part that her schedule and her time are more important than everyone else's.

---

the hearing, Defendants' counsel had performed a quick internet search for flights from Trinidad, where Plaintiff lives, to Houston and saw that at least one flight would get Plaintiff to Houston mid-morning.[11] Thus, Defendants' counsel mentioned this during the hearing, unsure whether Plaintiff already had a plane ticket or not. In concluding the hearing, Magistrate Johnson ordered that Plaintiff's deposition proceed the next day as scheduled. *See* Doc. No. 62.

- Approximately 4:00 p.m. – Defendants' lead counsel leaves Dallas to travel to The Woodlands for Plaintiff's deposition.

- 5:43 p.m. – For the very first time, Plaintiff's counsel claims that the timing of Defendants' supplemental document production impacted Plaintiff's ability to appear for her deposition the next day.[12]

- 8:20 p.m. – Still unsure of Plaintiff's intentions regarding her December 8th deposition, Defendants' lead counsel (already in The Woodlands for Plaintiff's deposition the next morning) inquires whether Plaintiff will be appearing at 9:00 a.m. the next day for her deposition.[13]

- 8:46 p.m. – Plaintiff's counsel advises that Plaintiff's flight from Trinidad will land in Houston at 12:46 p.m. the next day and that she will arrive at his office around 1:45 p.m., at which time her deposition could commence.[14]

On December 8th, Defendants' lead counsel, corporate representative, and in-house counsel and the court reporter appeared at Plaintiff's counsel's office to commence Plaintiff's deposition at 9:00 a.m. in accordance with the Court's December 7th order. *See* Doc. No. 62. Though Plaintiff's counsel stated that Plaintiff was on a flight and would be appearing later that day, Defendants' counsel was in the unfortunate position of not knowing whether Plaintiff would

---

[11] Contrary to Plaintiff's statements in her Motion, Defendants' counsel shared all the information she could recall regarding this quick internet search with Plaintiff's counsel when he asked for it. *See* Exhibit K, a true and correct copy of e-mail correspondence between counsel for the parties.

[12] *See* Exhibit L, a true and correct copy of e-mail correspondence between counsel for the parties.

[13] *See id.*

[14] *See id.*

actually show up given her track record for ignoring commands of this Court to date.[15] Thus, out of an abundance of caution, Defendants' representatives appeared at 9:00 a.m. and proceeded to take a Statement of Non-Appearance.

Everyone stayed at Plaintiff's counsel's office for hours waiting for Plaintiff's arrival. When she finally arrived and her deposition commenced—at 3:37 p.m.—Plaintiff admitted that instead of coming straight to her attorney's office from the airport, she went home, paid her gardener, and picked up her own car.[16] Thus, Plaintiff arrived almost two hours later than her own counsel anticipated she would.[17] She claimed to have been unaware of the fact that everyone had been waiting for her to arrive since 9:00 a.m. that morning or that her deposition had been noticed for December 8th.[18]

Due to Plaintiff's failure to comply with the Court's December 7th order, Defendants' filed an Emergency Motion to Compel Plaintiff's Deposition and Motion for Sanctions. *See* Doc. No. 64. Plaintiff filed a response. *See* Doc. No. 66. Magistrate Johnson conducted a hearing on Defendants' request for sanctions on December 9th and ordered that Plaintiff and her counsel pay sanctions for the costs associated with Plaintiff's late appearance for her deposition on December 8th and for the completion of her deposition, which was ordered to occur on December 16th.[19] *See* Doc. No. 67.

---

[15] The multiple discovery hearings that have occurred over the last seventh months have been necessitated by Plaintiff's repeated failure to produce documents that Magistrate Johnson has ordered her to produce. *See* Doc. Nos. 33, 35, 38, 40, 42–43, 51–56, 59–62, 65, 67.

[16] *See* Exhibit C.

[17] *See* Exhibit L.

[18] *See* Exhibit C.

[19] Defendants took the step to file their Motion to Compel and to secure an order regarding the date on which Plaintiff's deposition would continue given Plaintiff's track record of failing to abide by agreements made between counsel. *See, e.g.*, the factual allegations in Doc. No. 22. (Though Plaintiff also has a track record for failing to comply with the Court's orders, the rules provide some recourse to Defendants in the event Plaintiff fails to comply with an order.) In addition, though Plaintiff claims in her Motion that the Parties made an agreement about the

With this factual background[20] in mind, revisiting the applicable standard demonstrates why the objections in Plaintiff's Motion should be overruled. Magistrate Johnson found that the events that unfolded on December 7th and 8th resulted from Plaintiff "wrongfully attempt[ing] to cancel her deposition." *See* Doc. No. 68. Magistrate Johnson further found that the "actions of Plaintiff and her counsel demonstrate a clear disregard of opposing counsel's time and the court's order." *See id.* Plaintiff's Motion wholly fails to address these findings or provide any support for the notion that they are clearly erroneous. As such, the objections in Plaintiff's Motion should be overruled.

## IV.   CONCLUSION

Defendants respectfully request that the District Court overrule the objections in Plaintiff's Motion to the Magistrate's December 9th order and order that Plaintiff and her counsel immediately pay the sanctions contained therein, in the amount ($5,973.50) reflected in the Notice of Costs Related to Sanctions Orders Defendants filed. *See* Doc. No. 68. Defendants further seek any such other and further relief to which they may be entitled.

---

continuation of Plaintiff's deposition, that is not the case. Defendants' lead counsel stated on the record during Plaintiff's partial deposition on December 8th that no agreement had been reached. *See* Exhibit C.

[20] There is one additional factual allegation in Plaintiff's Motion that Defendants need to correct. Plaintiff claims that *Defendants* initially delayed the case by six months by failing to provide their initial disclosures until March 2016 and that Defendants provided no explanation for this late production. *See* Pl.'s Mot. at 6–7. Plaintiff gives no explanation for how the case was delayed. But, more importantly, Plaintiff fails to mention that in March 2016 Defendants' counsel discovered that *both* parties had failed to make initial disclosures and alerted Plaintiff's counsel that the deadline had fallen through the cracks for *both* parties. *See* Exhibit M, a true and correct copy of e-mail correspondence between counsel for the parties. Defendants proceeded to serve their initial disclosures on Plaintiff on March 23, 2016, while Plaintiff did not serve hers until April 8, 2016.

Dated:  January 11, 2017

                           Respectfully submitted,

By:   */s/* Terah Moxley
Lori M. Carr
Texas Bar No. 13815690
Southern District No. 348477
Terah Moxley
Texas Bar No. 24074768
Southern District No. 2600083
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas  75219
Telephone: (214) 599-4000
Telecopier: (214) 599-4099
lcarr@estesthornecarr.com
tmoxley@estesthornecarr.com

**ATTORNEYS FOR DEFENDANT SHELL OIL COMPANY and SHELL INTERNATIONAL EXPLORATION AND PRODUCTION INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                           */s/* Terah Moxley
                           Lori M. Carr / Terah Moxley